UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SOUTHLAND SQUARE APARTMENTS, LLC | CIVIL ACTION |
| VERSUS | NO. 23-2329 |
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, ET AL. | SECTION: "J"(5) |

## ORDER AND REASONS

Before the Court is a *Motion to Compel Arbitration and Stay Proceedings* **(Rec. Doc. 5)** filed by Defendants, Indian Harbor Insurance Company, QBE Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company (collectively hereinafter "Defendants"). Plaintiff Southland Square Apartments, LLC opposed the motion; (Rec. Doc. 9); Defendants filed a reply; (Rec. Doc. 15); and Plaintiff filed a sur-reply; (Rec. Doc. 18). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED.**

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff owns a residential apartment complex in Houma, Louisiana, which sustained damage during Hurricane Ida on August 29, 2021. At the time, Plaintiff was insured by Certain Underwriters at Lloyd's London Subscribing to Policy No.

AMR-66767-02 ("Lloyds"), Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE ("HDI"), Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company (collectively the "Insurers") under a surplus lines commercial property insurance policy bearing Account No. 848906 (the "Policy").

On May 17, 2023, Plaintiff filed the instant case in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana. Plaintiff asserted claims against all of the Insurers for breach of contract, bad faith, and breach of the duty of good faith and fair dealing, based on Plaintiff's allegations that the Insurers did not fully and timely pay Plaintiff's insurance claim for property losses arising out of damage from Hurricane Ida. (Rec. Doc. 2-1). Plaintiff states that it paid $2,717,117.58 to repair damage to the apartments, but after providing a timely Proof of Loss, Plaintiff was only paid $412,331.16 by the Insurers. *Id.* at 5.

On June 14, 2023, Defendants sent a demand for arbitration to Plaintiff, in accordance with an arbitration clause included in the insurance policy. (Rec. Doc. 2-4). In the demand letter, Defendants note that the arbitration clause in the policy states that "all matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal. . ." *Id.* at 1. The arbitration

clause also states that the "Arbitration Tribunal may not award exemplary, punitive, multiple, consequential, or other damages of a similar nature." *Id.* at 2.

On June 23, 2023, Plaintiff filed an amended petition that is identical to the original petition, except that Plaintiff omitted claims against foreign insurers Lloyds and HDI. (Rec. Doc. 2-2, at 36 n. 1). Plaintiff states that after initially filing the lawsuit, it pursued its claims against the two foreign Insurers in arbitration. (Rec. Doc. 9, at 3).

On July 5, 2023, Defendants removed the case to this Court pursuant to 18 U.S.C. § 1441 and 1446 and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"). (Rec. Doc. 2, at 2). Defendants filed the instant motion on July 12, 2023, arguing that the arbitration agreement in the insurance policy must be enforced and that this litigation must be stayed pending resolution of arbitration. On August 28, 2023, the Court consolidated this case with Civil Action 23-2489, *Certain Underwriters at Lloyd's, London, et al. v. Southland Square Apartments, LLC*. In that case, the Insurers filed a petition to compel Southland's participation in arbitration and stay litigation between the parties.

## LEGAL STANDARD

Louisiana law generally prohibits arbitration clauses. *See* La. Stat. Ann. § 22:868 ("No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state ... shall contain any condition, stipulation, or agreement ... [d]epriving the courts of this state of the jurisdiction or venue of action against the insurer"). Nonetheless, the contract

governing the set of policies issued by Defendants to Plaintiff includes an arbitration clause that nominally submits "[a]ll matters in difference between the Insured and the Companies ... in relation to this insurance, including its formation and validity ... to an Arbitration Tribunal in the manner hereinafter set out." (Rec. Doc. 18-1, at 46). The Policy also provides that the arbitration "shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance." *Id.*

Because Louisiana law would prohibit enforcement of this arbitration clause, Defendants must rely on some preemptory law if this motion is to be granted. They find that law in a treaty known as the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention").[1] The Convention, as implemented by Congress in 9 U.S.C. §§ 201 *et seq.*, requires this Court to enforce an arbitration clause if four criteria are met: "(1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen." *Freudensprung v. Offshore Tech. Servs.*, 379 F.3d 327, 339 (5th Cir. 2004).[2]

---

[1] Where applicable, the Convention supersedes state law. *See McDonnel Grp., L.L.C. v. Great Lakes Ins. Se.*, 923 F.3d 427, 431–32 (5th Cir. 2019).

[2] The arbitration clause must also be otherwise valid, that is, not "inoperative or incapable of being performed." *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co. (Pemex)*, 767 F.2d 1140, 1146 n.17 (5th Cir. 1985) (citation omitted).

## DISCUSSION

In this case, there is no dispute that there is a written agreement to arbitrate, that the arbitration agreement provides for arbitration in a signatory nation, and that the agreement arises out of a commercial legal relationship. However, the parties dispute whether Defendants meet the fourth requirement. Plaintiff argues that, as insurers domiciled in the United States, the Defendants named in the amended petition cannot satisfy the fourth element. (Rec. Doc. 9, at 4). Plaintiff also asserts that the explicit language of the contract provides that the contract shall be constructed as a separate contract between the insured and each of the Insurers. *Id.* at 3.

In their motion, Defendants argue that the Policy falls under the Convention because it arises out of a commercial relationship between Plaintiff and all of the Insurers, including the foreign insurers, HDI and Lloyds. (Rec. Docs. 5-1, at 9-10; 15, at 4). Thus, Defendants argue, the arbitration agreement falls under the scope of the Convention, and the Insurers, including the Defendants, are entitled to an order compelling Plaintiff to submit to arbitration in accordance with the Policy. (Rec. Doc. 5-1, at 10). Alternatively, Defendants contend that, if the Court finds that the Convention does not apply to compel arbitration as to the movants, which are all domestic insurers, equitable estoppel requires compelling arbitration as to all of the Insurers in this case. *Id.*

The Policy here lists each Insurer separately and each policy with each Insurer under a different policy number. (Rec. Doc. 18-1). The policy also includes a

clarification: "[a]lthough reference is made at various points in this clause to 'this Policy' in the singular, where the circumstances so require this should be read as a reference to Policies in the plural." *Id.* at 52. That same section (Section W: Several Liability Notice) sets forth that "[t]he liability of an insurer under this Policy is several and not joint with other Insurers party to this Policy." *Id.* The Policy also includes an endorsement that states, "This contract shall be constructed as a separate contract between the Insured and each of the Underwriters." *Id.* at 13. Thus, the plain language of the document suggests that it is to be read not as one contract but as several bound together for convenience and by commonality. Therefore, the Court reads the arbitration clause as a separate agreement between each Insurer and the Plaintiff. Facially, that permits only the foreign Insurers, which are no longer parties to this case, to avail themselves of the arbitration clause on the basis of the Convention's preemption.

> As to equitable estoppel,
>
> application of equitable estoppel is warranted when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract. Otherwise the arbitration proceedings between the two signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted.

*Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 527 (5th Cir. 2000) (citation omitted; emphasis removed). As previously recognized in *Holts v. TNT Cable Contractors., Inc.*, "[a]rbitrating claims against [one defendant] while litigating claims against [others] could yield inconsistent results, waste time and resources, and

thwart federal policy favoring arbitration." *Holts v. TNT Cable Contractors, Inc.*, No. 19-13546, 2020 WL 1046337, at *4 (E.D. La. March 4, 2020). In a previous hurricane insurance case under an almost identical policy to the one at issue here, this Court explained that application of equitable estoppel is warranted for both foreign and domestic insurer signatories to a policy when the defendant insurers, without differentiation, acted identically and in unison in failing to pay out on the damage. *See City of Kenner v. Certain Underwriters at Llyod's, London*, No. 21-2064, 2022 WL 307295 (E.D. La. Feb. 2, 2022).

Here, the Court finds that the conduct by the foreign Insurers and the domestic Defendants is intertwined, and indeed identical. The Insurers collectively insured the property, and they all, without differentiation, received proof of loss and failed to pay out on the damage. Plaintiff alleges that its claim, for all the Insurers, was assigned a single claim number, and Plaintiff seeks to recover a cumulative amount from all Defendants. Plaintiff is also already pursuing its claims under this Policy against the foreign Insurers in arbitration. Plaintiff's attempt to arbitrate claims against certain Insurers while litigating claims against other Insurers could yield inconsistent results, waste time and resources, and thwart federal policy favoring arbitration.[3] Therefore, application of equitable estoppel is warranted.

---

[3] Although the parties did not raise this issue, the Court also notes that neither party opted out of the Court's Hurricane Ida Streamlined Settlement Program ("SSP") as described in the Case Management Order ("CMO"). (Rec. Doc. 4). The purposes of the Hurricane Ida CMO and SSP are "to eliminate increased difficulties to the parties involved, to bring as much of this litigation to resolution as justly and expeditiously as possible, and to allow the citizens of this District to move forward with their respective recoveries." *Id.* at 1-2. In this case, the Court finds that arbitration is required, and compelling arbitration will bring this matter to resolution justly and expeditiously, in accordance with the CMO's objectives.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion to Compel Arbitration and Stay Proceedings* **(Rec. Doc. 5)** is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **STAYED AND ADMINISTRATIVELY CLOSED,** pending a final decision by the Arbitration Tribunal. If any issues remain after a final judgment by the Arbitration Tribunal, any party may file a written motion for leave to reopen this matter.

New Orleans, Louisiana, this 4th day of October, 2023.

_____

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE