UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SOUTHLAND SQUARE
APARTMENTS, LLC

VERSUS

CERTAIN UNDERWRITERS AT                     CIVIL ACTION
LLOYD'S LONDON, ET AL
                                            No. 23-2329
C/W
                                            SECTION: "J"(5)
CERTAIN UNDERWRITERS AT
LLOYD'S LONDON, ET AL

VERSUS

SOUTHLAND SQUARE
APARTMENTS, LLC

## ORDER & REASONS

Before the Court are Southland Square Apartments, LLC ("Southland Square" or "Plaintiff")'s *Motion to Reopen Case and/or Lift Stay* (Rec. Docs. 29), Plaintiff's *Supplemental Motion to Reopen Case and Lift Stay* (Rec. Doc. 31), and an opposition (Rec. Doc. 32) filed by Defendant and Petitioner Insurers in the consolidated matters all subscribing to the subject Policy, Certain Underwriters at Lloyd's London, Subscribing to Policy AMR 667-6702, HDI Global Specialty SE, Indian Harbor Insurance Company, QBE Insurance Company, Steadfast Insurance Company, General security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, and Transverse Specialty Insurance Company (collectively herein "Defendants" or "Insurers"), and Plaintiff's reply (Rec.

Doc. 33). The parties did not request oral argument. Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This matter arises from a Hurricane Ida insurance dispute over damage to a residential apartment complex known as Southland Square Apartments (the "Apartments") owned by Plaintiff and insured by the Defendants and other insurers under a surplus lines commercial property insurance policy. Plaintiff incurred $2,717,117.58 in damages to the Apartments but was only paid $412.331.16 prior to filing suit. On May 17, 2023, Plaintiff brought suit against all insurers, domestic and foreign, in the 32nd Judicial District Court of Terrebonne Parish, asserting claims for breach of contract, bad faith, and breach of the duty of good faith and fair dealing.

Insurers removed the litigation to this Court on July 5, 2023 pursuant to 18 U.S.C. §§ 1441 and 1446 and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"). Plaintiff filed an amended petition that was identical to the original petition, except that Plaintiff omitted claims against the foreign insurers. Plaintiff then pursued its claims against the foreign insurers in arbitration. Defendants moved to compel arbitration against the remaining domestic insurers on July 12, 2023, arguing that the arbitration agreement in the insurance policy must be enforced and that this litigation must be stayed pending resolution of arbitration. (Rec. Doc. 5).

This Court granted the motion to compel arbitration, finding that the conduct by the foreign insurers and the domestic Defendant-Insurers was intertwined and identical. (Rec. Doc. 19). Because Plaintiff was already pursuing its claims against the foreign insurers in arbitration, the Court concluded that Plaintiff's attempt to arbitrate claims against certain insurers while litigating claims against other insurers could yield inconsistent results, waste time and resources, and thwart federal policy favoring arbitration. *Id.* Thus, application of equitable estoppel was warranted, and the Court stayed this case pending a final decision from the Arbitration Tribunal. *Id.*

Plaintiff then filed a motion to certify as appealable the Court's Order and Reasons, staying the proceedings pending a final decision from the Arbitration Tribunal. Plaintiff argued that "there [wa]s a substantial dispute as to whether domestic insurers, like Defendants, [can invoke] the doctrine of equitable estoppel to compel arbitration notwithstanding La. R.S. § 22:868(A), which prohibits arbitration." (Rec. Doc. 21-1, at 1). The Court denied Plaintiff's request to certify its Order and Reasons as appealable but stayed the case until pending the appeal in *Certain Underwriters at Lloyd's, London v. Belmont Commons L.L.C.,* No. 23-30246; and allowed either party to reopen the case after the *Belmont Commons* appeal was resolved. Upon resolution of the *Belmont Commons* appeal, Plaintiff moved to have the stay lifted, which the Court denied.

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Plaintiff again moves the Court to lift the stay in this instant motion, relying on the Louisiana

3

Supreme Court's recent decision in *Police Jury of Calcasieu Parish v. Indian Harbor Ins. Co.*, 2024-449 (La. 10/25/24), 2024 WL 4579035 and this Court's previous order in *Jay MVK, LLC v. Indep. Specialty Ins. Co.*, 2024 WL 4855525 (E.D. La. 11/21/2024). Specifically, Plaintiff argues the Court should lift the stay because Louisiana Revised Statute § 22:868(A)'s "prohibition against arbitration clauses contained in insurance policies invalidates the arbitration clauses relied upon by Defendants," and the doctrine of "equitable estoppel is not applicable because of that statutory prohibition contained in [Louisiana Revised Statute] § 22:868(A)." (Rec. Doc. 31-1, at 8).

Of note, the "parties in this case have not had any arbitration proceedings or hearings since this stay was originally instituted." (Rec. Doc. 31-1, at 2).

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b). *S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563–64 (E.D. La. 2013); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990*), abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994). Rules 59 and 60, however, apply only to final judgments. *SnoWizard*, 921 F. Supp. 2d at 563–64. "Therefore, when a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls." *Id.* at 564 (citation omitted).

4

"Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision...[that] does not end the action." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)). Reconsideration of interlocutory orders under Rule 54(b) is less stringent than reconsideration of judgments under Rule 59(e). *Id.* (finding that district court abused its discretion in denying plaintiff's motion for reconsideration under Rule 59(e) rather than under Rule 54(b)). Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* (quoting *Lavespere*, 910 F.2d at 185).

## DISCUSSION

Plaintiff requests reconsideration of the Court's order compelling arbitration. Such an order does not present a final judgment and is not otherwise appealable pursuant to the Federal Arbitration Act. *See* 9 U.S.C. § 16(b); *see also Bordelon Marine, L.L.C. v. Bibby Subsea Rov, L.L.C.*, 685 F. App'x 330, 332–33 (5th Cir. 2017) ("[A]ppeals may not be taken from interlocutory orders compelling arbitration, granting stays pending arbitration, or refusing to enjoin arbitration proceedings."). Accordingly, the interlocutory order compelling arbitration is properly considered through Federal Rule of Civil Procedure Rule 54(b).

Recently, in *Bufkin Enterprises, L.L.C. v. Indian Harbor Ins. et al.*, 96 F.4th 726 (5th Cir. 2024), the Fifth Circuit held that "[t]he Convention is an exception to Louisiana's general bar [on arbitration agreements in commercial surplus lines

5

insurance policies between the insured and domestic insurers] because the policies are "subject to the Convention *through* equitable estoppel." *Bufkin Enterprises, L.L.C.*, 96 4th at 732–33 (emphasis in original). The Fifth Circuit reasoned Louisiana Revised Statute § 22:868 does not reversely preempt the Convention because the McCarran Ferguson Act does not apply to treaties. *Id.* Thus, the Fifth Circuit concluded that Louisiana Revised Statute § 22:868 "not come into play" and, therefore, "[t]here is no tension between [the doctrine of equitable estoppel] and Louisiana Law." *Id.*

In *Police Jury of Calcasieu Par. v. Indian Harbor Ins. Co.*, 2024-449 (La. 10/25/24), 2024 WL 4579035, the Louisiana Supreme Court disagreed with the Fifth Circuit's recent *per curiam* in *Bulkin Enterprises, L.L.C. v. Indian Harbor Ins. Co.*, 96 F. 4th 726 (5th Cir. 2024), finding fault in its conclusion that domestic insurers may use the doctrine of equitable estoppel to compel arbitration under the Convention through the policies of foreign insurers. *Id.* at *9. Specifically, the Louisiana Supreme Court found that *Bufkin* did not "correctly recognize that the Convention is an international treaty enacted to encourage 'the recognition and enforcement of commercial arbitration agreements in *international* contracts,'" and *Bufkin* failed to "acknowledge Louisiana's positive law on the issue," precluding "domestic insurers' use of estoppel to compel arbitration." *Id.* (emphasis in original). Thus, the Louisiana Supreme Court concluded that a "domestic insurer may *not* resort to equitable estoppel under Louisiana law to enforce an arbitration clause in

6

another insurer's policy in contravention of the positive law prohibiting arbitration in La. R.S. 22:868(A)(2)." *Id.* at *10.

After receiving notice of the answered certified questions by the Louisiana Supreme Court, the federal district court in *Police Jury of Calcasieu Par.*, lifted its prior stay order, prompting the domestic insurers to appeal to the Fifth Circuit pursuant to 9 U.S.C. §§ 16(a)(1)(A), (B), and (C). Notice of Appeal, *Police Jury of Calcasieu Par. v. Indian Harbor Ins. et al.*, No. 24-342 (W.D. La. 11/08/24) (Rec. Doc. 37).

In *Jay MVK, LLC v. Indep. Specialty Ins. Co.*, 2024 WL 4855525 (E.D. La. 11/21/2024), this Court granted the plaintiff's Motion to Reconsider its order compelling arbitration, reasoning the Louisiana Supreme Court's ruling clarified the purpose and scope of Louisiana Revised Statute § 22:868(D). Like this instant matter, *Jay MVK* involved an insurance dispute over damage to property insured under a surplus lines commercial property insurance policy. *Id.* at *1. However, unlike this present matter, the sole insurer in *Jay MVK* was incorporated in Delaware and had its principal place of business in Delaware. Notice of Removal at 2, *Jay MVK, LLC v. Indep. Specialty Ins. Co.*, No. 23-720 (E.D. La. Fe. 27, 2023) (Rec. Doc. No. 1). Thus, *Jay MVK* did not involve foreign insurers; therefore, neither the Convention nor equitable estoppel was applicable. That being so, the Courts finds its previous holding in *Jay MVK* distinguishable. This instant litigation involves foreign insurers, the Convention, and equitable estoppel, and the Court finds the instant motion should not be granted based on the Court's ruling in *Jay MVK LLC*.

7

In light of the conflicting opinions from the Fifth Circuit and the Louisiana Supreme Court on the doctrine of equitable estoppel and Louisiana Revised Statute § 22:868(A)(2), the Court treads carefully, navigating these differing rulings. The decision in the Louisiana Supreme Court is not yet final. The domestic insurers in *Police Jury of Calcasieu Par.* timely filed a pending application for rehearing of its opinion with the Louisiana Supreme Court (Rec. Doc. 32-1). Likewise, as previously stated, the domestic insurers, in federal court, appealed the district court's order lifting the stay. The Court finds it is best to deny the motions until both the Louisiana Supreme Court's ruling in *Police Jury of Calcasieu Par. v. Indian Harbor Ins. Co.*, 2024-449 (La. 10/25/24), 2024 WL 4579035 and the domestic insurer's appeal to the Fifth Circuit in *Police Jury of Calcasieu Par. v. Indian Harbor Ins. et al.*, No. 24-342 (W.D. La. 11/08/24) are final.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motions are **DENIED**. This matter is **STAYED** pending a final decision in *Police Jury of Calcasieu Par. v. Indian Harbor Ins. Co.*, 2024-449 (La. 10/25/24), 2024 WL 4579035 and the pending appeal to the Fifth Circuit in *Police Jury of Calcasieu Par. Indian Harbor Ins. Co.*, No. 24-30696.

New Orleans, Louisiana, this 12th day of December, 2024.

                                                   _____
                                                   CARL J. BARBIER
                                                   UNITED STATES DISTRICT JUDGE